**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No.:      4:22-CV-00301 SEP |
| | ) | |
| ST. LOUIS COUNTY ET AL., | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO**

**DISMISS**

COME NOW, Defendants St. Louis County, Missouri (the "County"), St. Louis County Police Department,[1] Officer Chris Koester, Chief Ken Gregory, Officer Mark Eberwein, Officer Brian Gailis, Officer Deborah Humphrey, Officer Jeffrey Emge, Officer Jacob Brock, Officer Matthew Dees, Lt. Jeremy Romo, Sgt. Gary Robertson, and Dr. Sam Page (collectively, "County Defendants"), and in support of their Motion to Dismiss, state the following:

**INTRODUCTION**

On March 14, 2022, Plaintiff Jane Doe commenced this action by filing her Petition for Damages in the Eastern District Court of Missouri, 4:22-CV-301. ( D o c . 1 ). Plaintiff filed an Amended Complaint on May 9, 2022 (Doc. 20).   The case at bar is the fourth lawsuit Plaintiff has filed against St. Louis County and its police officers in relation to alleged interactions with St. Louis County Police. *See Julie Williams v. St. Louis County, et. al.*, 20SL-CC05941 (filed December 4, 2020 and dismissed by the Court on April 23, 2021 for failure to prosecute); *Julie*

---

[1] For reasons explained herein, the St. Louis County Police Department lacks the capacity to be sued and should be dismissed from this action.

1

*Williams v. St. Louis County, et. al.*, 20SL-CC06167 (filed December 22, 2020); and *Julie Williams v. St. Louis County, et. al.*, 21SL-CC01092 (filed March 9, 2021).    Plaintiff is represented by the same counsel in all four lawsuits.  The first three lawsuits were filed in the Circuit Court of St. Louis County and have all since been dismissed.  Plaintiff's first case, 20SL-CC05941 (the "First Case"), sought monetary damages based on a variety of theories, including tort theories and claims brought pursuant to 42 U.S.C. § 1983.  On April 23, 2021, the First Case was dismissed for failure to prosecute.[2]  Plaintiff's second case, 20SL-CC06167 (the "Second Case"), requested various forms of injunctive relief.  On April 4 2022, the court granted Plaintiff's motion to dismiss.  Finally, in 21SL-CC01092, plaintiff raised the same allegations as the previous lawsuits, as well as requesting injunctive relief and a temporary restraining order.  The Court granted St. Louis County's motion to dismiss and dismissed plaintiff's petition as to all parties.  Now, in this fourth lawsuit Plaintiff has brought against County Defendants arising out of the same facts in her three previous lawsuits, Plaintiff alleges the following counts against County Defendants:

1. Count I: Violations of the 4th Amendment and 14th Amendment and Article I, Section 15 of the Missouri Constitution (42 U.S.C. § 1983) including False Imprisonment, Unlawful Search/Seizure, and Excessive Force (Defendant St. Louis County, St. Louis County Police Department, and Defendants Koester, Dees, Humphrey, Robertson, Emge, Eberwein, Gailis, and Brock).

2. Count IV: Common Law Intentional False Imprisonment (Defendants Koester, Emge, Eberwein, Robertson, and Brock)

---

[2] The First Case was dismissed without prejudice and, according to Casenet, is "Not Disposed."

3.  Count VI: *Monell* Claim for violations of 4th and 14th Amendments and Article I,
    Section 15 of the Missouri Constitution (42 U.S.C. § 1983) including False
    Imprisonment, Unlawful Search/Seizure, and Excessive Force through an official
    policy, unofficial policy, and/or inadequate training, supervision, discipline, screening
    or hiring (Defendant St. Louis County, Defendant St. Louis County Police
    Department, and Defendants Page, Gregory, and Romo).

4.  Count VII: Abuse of Process (Defendant Koester).

5.  Count VIII: Assault & Battery (Defendant Dees).

Counts I, IV, VI, VII, and VIII are deficient on their faces and fail to state claims upon which relief can be granted and, to the extent they might state a claim, are barred as a matter of law. Furthermore, tort claims asserted against St. Louis County and its officers in their individual capacity are barred by the doctrine of sovereign immunity. As to Count VI, Plaintiff's claim for an alleged negligent hiring and/or supervision is barred by the doctrines of sovereign immunity, official immunity, and the public duty doctrine. Any claims made against County Defendants in their official capacity are redundant as equivalent to a suit against St. Louis County and therefore should be dismissed. Similarly, tort claims asserted against County police officers are barred by the doctrine of official immunity and the public duty doctrine. Finally, all claims brought against the St. Louis County Police Department should be dismissed because the St. Louis County Police Department lacks the capacity to be sued.

## DISMISSAL STANDARD

Rule 8(a)(2), Fed. R. Civ. P., requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v.*

*Twombly*, the Supreme Court clarified Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 686 (2009) (a court need not "credit a complaint's conclusory statements without reference to its factual context"). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim "that is plausible on its face." *Twombly*, 550 U.S. at 570.

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint in order to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326--27 (1989)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 at 678).  The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster.  *Iqbal*, 556 U.S. at 678.  In support of any type of cause of action, a plaintiff is required to plead more than a mere "unadorned, the-defendant-unlawfully harmed-me accusation." *Id*. at 678.  This tenet is especially true in cases involving government entities given the potential application of an immunity defense.  *Id*. at 685.

In this case, for the foregoing reasons and discussed more fully herein, Plaintiff's Amended Complaint fails to plead sufficient facts to state a claim against which relief may be

4

granted against County Defendants and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

## **ARGUMENT**

### **1.   Plaintiff's Claims against County Defendants in their Official Capacity are Redundant**

Plaintiff brings suit against Officer Chris Koester, Chief Ken Gregory, Officer Mark Eberwein, Officer Brian Gailis, Officer Deborah Humphrey, Officer Jeffrey Emge, Officer Jacob Brock, Officer Dickerson, Officer Matthew Dees, Lt. Jeremy Romo, Sgt. Gary Robertson, Jon Belmar, and Dr. Sam Page in both their official and individual capacities.  (Doc #20).  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  "A § 1983 action against an individual in her or his official capacity . . . is equivalent to a claim against the entity itself, requiring proof that an official custom or policy led to the constitutional deprivation." *Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 1000 (E.D. Mo. 2009).  "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." (*Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).  As such, all of Plaintiff's claims against County Defendants in their "official capacity" should be dismissed as duplicative.

### **2.   Count I Fails to State a Claim against St. Louis County under 42 U.S.C. § 1983**

Count I of the Petition purports to hold County Defendants liable for false imprisonment in violation of the 4th Amendment and pursuant to 42 U.S.C. § 1983.  To hold a municipality liable under 42 U.S.C. § 1983, a plaintiff must provide evidence that an official policy or a widespread custom lead to the violation of a constitutional right.  *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690-1 (1978).  "The requirement of a custom or

5

policy exists in order to ensure that the unconstitutional practice resulted from action that can fairly be attributed to the entity." *Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 1000 (E.D. Mo. 2009).  Plaintiff fails to state a claim for *Monell* liability and, therefore, Count I of the Amended Complaint should be dismissed.

For purposes of *Monell* liability, Plaintiff must prove that a government entity's legislative body or authorized decision maker intentionally deprived Plaintiff of a federally protected right.  *Id.*  This is much more rigorous than a simple *respondeat superior* claim. *Monell*, 436 U.S. at 691.  Rather, to hold a government entity liable under 42 U.S.C. § 1983, Plaintiff must satisfy four elements: (1) Plaintiff must prove the deprivation of a federal right by a person acting under color of state law, (2) Plaintiff must show the existence of a policy or custom, (3) Plaintiff must demonstrate a "direct causal link between the policy or custom and the injury alleged," *City of L.A. v. Heller*, 475 U.S. 796 (1986); and, most onerously (4) Plaintiff must show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

Plaintiff fails to satisfy the elements of *Monell* liability.  First, the situations alleged by Plaintiff do not describe a deprivation of Plaintiff's federal rights.  (Doc. 20, *passim.*).  Notably, Plaintiff points to no specific policy or custom which violates her constitutional rights.t.  (Doc. 20, *passim.*).  While Plaintiff concludes that "[a]s a direct proximate result of the violations of the Plaintiff's constitutional rights," plaintiff suffered damages, (Doc. 20, ¶ 187), Plaintiff makes no reference to, nor provides any facts to support, the fourth *Monell* element of deliberate indifference.  In sum, Plaintiff fails to allege facts sufficient to satisfy any of the elements of *Monell* liability.

6

Because Plaintiff fails to satisfy the elements of *Monell* liability, Count I fails to state a claim against Defendant St. Louis County and should be dismissed.

### 3.   Count I Fails to State a Claim against other County Defendants

Count I similarly does not state plausible claims against Officer Chris Koester, Officer Mark Eberwein, Officer Brian Gailis, Officer Deborah Humphrey, Officer Jeffrey Emge, Officer Jacob Brock, Officer Matthew Dees, Lt. Jeremy Romo, and Sgt. Gary Robertson for 4th Amendment violations.  "[T]he Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid." *Mincey v. Arizona*, 437 U.S. 385, 392 (1978).  In terms of involuntary mental health commitments, "the Fourth Amendment requires probable cause that a person is mentally ill and dangerous to herself or others for a seizure for an emergency mental-health evaluation to be reasonable." *Graham v. Barnette*, 5 F.4th 872, 884 (8th Cir. 2021).  Thus, a plaintiff must prove there was no probable cause to believe that a person poses imminent danger to herself or others in order for an involuntary mental health commitment to violate the Fourth Amendment.[3]

Regarding Plaintiff's alleged Fourth Amendment violations (Count I: false imprisonment, unlawful search and seizure, and excessive force), the records Plaintiff included with her Complaint clearly establish that County Defendants acted reasonably and lawfully throughout the course of their interactions with Plaintiff.  Furthermore, County Defendants' actions were based on probable cause and the reasonable belief – based on the facts known to them at the time – that Plaintiff posed a threat of harm to herself or others.  Specifically, the letters, text messages

---

[3] "[O]nly probable cause that a person poses an emergent danger—that is, one calling for prompt action—to herself or others can tip the scales of the Fourth Amendment's reasonableness balancing test in favor of the government when it arrests an individual for a mental-health evaluation because only probable cause constitutes a sufficient 'government interest' to outweigh a person's 'interest in freedom.'" *Graham v. Barnette*, 5 F.4th 872, 886 (8th Cir. 2021).

and phone calls received by Defendant Koester and other County Defendants mentioned in Plaintiff's complaint in investigating and detaining Plaintiff given that the exhibits gave County Defendants' probable cause to believe that Plaintiff posed a threat of harm to herself.  *See* Doc. 20, Exhibits B, E, F, and G attached to Plaintiff's Amended Complaint.

County Defendants acted reasonably and pursuant to the statutory procedures for civil involuntary commitments and there is no evidence that they acted in bad faith or with gross negligence.  *See Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 1003 (E.D. Mo. 2009).  As a result, section 632.440 RSMo protects County Defendants from any civil liability for the alleged Fourth Amendment violations in Counts I and X arising out of the "investigating, detaining, transporting, conditionally releasing or discharging a person" under the civil commitment procedures in Chapter 632 of the Missouri Revised Statutes.  Since Defendants Koester, Eberwein, Gailis, Humphrey, Emge, Brock, Dees, Romo, and Robertson were police officers at all times mentioned in Plaintiff's Amended Complaint, they are also considered peace officers for the purposes of § 632.305 RSMo.  *See Lacy v. City of Bolivar, Missouri*, 416 F.3d 723, 727 (8th Cir. 2005) (finding that police officer was a peace officer under § 632.305). Plaintiff does not allege any facts suggesting these defendants acted in bad faith with gross negligence, so they are therefore immune from civil liability for their roles in investigating and detaining Plaintiff pursuant to section 632.305 RSMo.

In light of the above, County Defendants are immune from civil liability under both federal and state law for any alleged Fourth Amendment violations and any claims arising out of County Defendants' search and/or detention of the Plaintiff.  Prior court decisions addressing similar fact patterns as this case further support this conclusion.  In *Lacy v. City of Bolivar, Missouri*, 416 F.3d 723 (8th Cir. 2005), the Court found that, for the purpose of the Fourth and

Fourteenth Amendment, police officers acted reasonably in placing the Plaintiff on a 96-hour involuntary hold in accordance with section 632.305 RSMo.  Also, in *Brown v. Barnes- Jewish Hospital*, 2019 WL 1762923, *3-4 (E.D. Mo. 2019), the Court dismissed Plaintiff's claims of false imprisonment and assault in relation to the plaintiff's 96-hour involuntary hold, finding that Plaintiff's claims were frivolous and wholly lacking factual support given the affidavits filed by the Defendants in support of the 96-hour involuntary hold application.  Finally, in *Graham v. Barnette*, 5 F.4th 872 (8th Cir. 2021), the Court concluded that Defendant Police Officers had arguable reasonable belief that the Plaintiff was experiencing a mental health crisis and presented emergent danger to herself or others at time they took her into custody for emergency mental health evaluation, and thus officers were entitled to qualified immunity in plaintiff's §1983 lawsuit alleging violations of her Fourth Amendment rights.

Because County Defendants are immune from civil liability under the circumstances presented in this case, Plaintiff simply cannot state Fourth Amendment violations pursuant to § 1983 against County Defendants.  Therefore, Count I of Plaintiff's Amended Complaint must be dismissed as a matter of law pursuant to Rule 12(b)(6).

**4.   Count IV Fails to State a Claim upon Which Relief Can be Granted**

Plaintiff attempts to also bring a common law false imprisonment claim against Defendants Brock Koester, Emge, Eberwein, and Robertson.  Plaintiff's amended complaint admits that this count is only brought against these defendants "as alternative relief if the Section 1983 claims fail because of color of law or official capacity issue, whereby all the same plead conduct would constitute false imprisonment."  (Doc. 20, ¶ 209).  Regardless of whether Plaintiff alleges common law false imprisonment or a false imprisonment under § 1983, County Defendants are protected from liability under the doctrine of official immunity.  Official

9

immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008).  A discretionary act is one that requires "the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued." *Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. 2006).

In Missouri, a common law claim of false imprisonment, also known as false arrest,[4] consists of two elements: "(1) detention or restraint of the plaintiff against his or her will, and (2) the unlawfulness of the detention or restraint." *Burbridge v. City of St. Louis, Missouri*, 430 F. Supp. 3d 595, 616 (E.D. Mo. 2019).  "Deciding whether or not to arrest someone is a matter of discretion—the officer must decide what course should be pursued based on the circumstances at hand." *Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005). As such, every time officers are alleged to have "arrested" Plaintiff in this case, they were performing a discretionary act and they therefore have official immunity for their participation in any and all of the arrests of the Plaintiff, unless they acted in bad faith or with malice.  *See id.* However, Plaintiff does not allege malice and provides no evidence that any County Defendants were acting in bad faith.  Accordingly, County Defendants have official immunity for their participation in the arrests of Plaintiff and Count IV must be dismissed as a matter of law.

## 5.  Count VI Fails to State a Claim upon Which Relief Can be Granted

Count VI purports to bring a claim against Defendant County,[5] alleging "negligent

---

[4]  False imprisonment and false arrest are synonymous under Missouri law.  *See Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006).

[5] Count VI is also asserted against the St. Louis County Police Department.  As explained herein, the St. Louis County Police Department is merely a subdivision of Defendant County, with no separate legal identity, and therefore lacks the capacity to be sued.

hiring."  (Doc. 20).  However, Count VI fails to state a claim against Defendant County and therefore should be dismissed.

"Negligent hiring" is a tort action that holds an employer liable for the acts of an employee when four elements are met: (1) the employer knew or should have known of an employee's dangerous proclivities, (2) the employee was hired, (3) the employer's negligent act or omission was the proximate cause of an injury sustained by a plaintiff at the hands of the employee, *Gaines v. Monsanto Co.*, 655 S.W.2d 568 (Mo. App. E.D. 1983); and (4) the employee's misconduct was consistent with the employee's dangerous proclivity. *Higgenbotham v. Pit Stop Bar and Grill, LLC*, 548 S.W.3d 323 (Mo. App. E.D. 2018).  Here, Plaintiff fails to allege the existence of any dangerous proclivities.  (Doc. 20, *passim.*).  Moreover, Plaintiff fails to allege that the County hired any specific employee despite knowing about that employee's dangerous proclivities. (Doc. 20, *passim.*).   Plaintiff's Amended Complaint does not satisfy the elements for the cause of action and, importantly, the cause of action is barred by the doctrine of sovereign immunity. RSMo. § 537.600; *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. E.D. 2009) ("[P]ublic entities enjoy sovereign immunity … unless immunity is waived, abrogated, or modified by statute.").

Generally, there is no vicarious liability under § 1983.  "To state a valid claim under § 1983, there must be a causal connection between the governmental policy or custom, or its failure to train or supervise, and the alleged constitutional deprivation."  *Setchfield v. St. Charles Cnty.*, 2022 WL 579248, at *6 (E.D. Mo. Feb. 25, 2022).  A governmental policy "involves a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy." *Jane Doe A. ex rel. Jane Doe B. v. Special Sch. Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir. 1990).  Government

custom is defined as "a pattern of persistent and widespread . . . practices which bec[o]me so permanent and well settled as to have the effect and force of law." *Jane Doe*, 901 F.2d at 646.

Furthermore, although Plaintiff names both Sam Page and St. Louis County Police Chief Ken Gregory as Defendants in the complaint, Plaintiff makes no specific allegations as to either Sam Page or Ken Gregory in the body of their complaint.  (Doc. 20).  In fact, Plaintiff admits that, at the time of filing, there was *no evidence* of an official or unofficial policy or custom sufficient to bring a federal *Monell* claim against these defendants for negligent hiring/supervision/training.  Specifically, Plaintiff's amended complaint states that "[s]ubject to additional discovery, Plaintiff contends it *may* find an official or unofficial policy (or tolerated custom, whether bottom up or top down) or such additional ones to support a *Monell* claim against Defendant Sam Page, Defendant Colonel Kenneth Gregory, Defendant Lt. Romo, Defendant St. Louis County and Defendant St. Louis County Police Department (the 'Governmental Entity Defendants')."  (Doc. 20, ¶ 225).

Even with additional discovery, the only plausible cause of action against these two defendants would be based on their supervisory roles/capacity, since neither Defendant Page nor Defendant Gregory had any direct role or personal involvement in any of the incidents mentioned in the complaint, nor does Plaintiff allege any direct involvement.  However, personal liability under § 1983 requires a "causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990).  "There is no concept of 'supervisory strict liability' in § 1983 actions ... something more must be shown than merely the existence of the supervisor-subordinate relationship."  *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (internal citations omitted).  Since Defendants Sam Page and Kenneth Gregory had no direct involvement in any of the alleged violations mentioned in Plaintiff's

Amended Complaint, they could only be found liable based on their supervisory capacity.  "For a supervising officer to be liable under § 1983 for the constitutional violation of a subordinate based on a failure to supervise—as Plaintiff apparently alleges here—the supervisor must have 'demonstrated deliberate indifference or tacit authorization of the offensive acts.'"  *Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 997 (E.D. Mo. 2009) (quoting *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 807 (8th Cir.1994)).  Plaintiff has neither alleged nor pleaded any facts suggesting that either Defendant Page or Defendant Gregory were deliberately indifferent to or tacitly authorized any allegedly unconstitutional actions by St. Louis County police officers.

Moreover, since Defendants Page and Gregory had no direct involvement with Plaintiff or any of the incidents alleged in her complaint, the only theory of liability that could apply to them under §1983 is for failure to train and supervise.  *Teasley v. Forler*, 548 F. Supp. 2d 694, 705 (E.D. Mo. 2008).  Defendant Page, as County Executive, is not responsible for training and supervising St. Louis County Police Officers, so he cannot be held liable and must be dismissed from the amended complaint.  Similarly, Defendant Kenneth Gregory was not Chief of Police during any of the incidents alleged in Plaintiff's amended complaint and therefore was not responsible for supervising and/or training the officers mentioned in Plaintiff's Amended Complaint.  Therefore, as a matter of law, he cannot be held liable and must be dismissed from Plaintiff's Amended Complaint.

Finally, since Plaintiff has not plead any specific facts that would allow a court to reasonably infer that Defendants Page and/or Gregory were liable for any of the alleged misconduct, *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), Plaintiff has failed to state a claim for which relief can be granted as to Defendants Page and Gregory and they should be dismissed

from this case.

Taken as a whole, Plaintiff fails to allege the elements necessary to state a claim for negligent hiring.  Additionally, as will be discussed further in this memorandum, to the extent Plaintiff even could state a claim under § 1983, Defendant St. Louis County is immune pursuant to sovereign immunity, while individually named County Defendants Page, Gregory, and Romo are immune pursuant to both official immunity and the public duty doctrine.

Because Plaintiff fails to state a claim under § 1983 for negligent supervision, training, or hiring and because the County is immune from such claims, Count VI of the Amended Complaint should be dismissed.

**6.   Count VII Fails to State a Claim Upon Which Relief Can Be Granted**

Count VII alleges the state law claim of abuse of process against Officer Chris Koester. To state a claim for abuse of process under Missouri law, plaintiff must prove "facts establishing the following elements: (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." *Stafford v. Muster*, 582 S.W.2d 670, 678 (Mo. 1979).

The facts of this case make it clear that Defendant Koester had reasonable cause to believe that the Plaintiff posed a likelihood of harm to herself or others and was suffering from some kind of mental disorder, as required for civil detentions under Missouri law.  *See* § 632.305 RSMo and Doc. 20.  Furthermore, Plaintiff has not plead any facts suggesting Defendant Koester had any improper purpose nor had an improper use of process nor any improper purpose.  In all three instances, Defendant Koester properly alleged the necessary facts in his affidavits to justify a 96-hour hold under Missouri law, and as result, each time a court found that there was probable

14

cause to believe Plaintiff was "suffering from a mental disorder and present[ed] a likelihood of serious harm to himself or to others."  Section 632.205.1 RSMo.  Nevertheless, Defendant Koester is still immune from civil liability for abuse of process under multiple theories, including § 632.440 RSMo and the doctrines of official immunity and the public duty doctrine.

**7.  Count VIII Fails to State a Claim Upon Which Relief Can Be Granted**

Count VIII purports to bring a claim for assault against Officer Dees, but this count again fails to state a claim for relief.

"Assault" is an intentional tort that requires four elements to be present: (1) the defendant attempts to injure the plaintiff, (2) the attempt to injure is unlawful and unjustified, (3) the defendant has the apparent present ability to injure the plaintiff, and (4) the plaintiff sustains damages as a result of the assault.  *State ex rel. Halsey v. Phillips*, 576 S.W.3d 177 (Mo. 2019).

Plaintiff fails to allege facts to support a claim for assault.  Notably, Plaintiff fails to allege facts sufficient to support a finding that Officer Dees *attempted to injure* the Plaintiff. (Doc. 20)  In fact, Plaintiff pleads that Officer Dees alleged use of force was "in an attempt to restrain Jane Doe."  (Doc. 20, ¶ 243).  Moreover, Plaintiff fails to allege facts sufficient to support a finding that Officer Dees acted unlawfully.  (Doc. 20).  Finally, as explained in-depth below, to the extent Plaintiff asserts Count VIII against Defendant Dees, it is barred by the doctrines of sovereign immunity, official immunity, and/or the public duty doctrine.

Because Plaintiff fails to state a claim for assault and because any claim for assault is barred by official immunity and/or the public duty doctrine, Count VIII of Plaintiff's Amended Complaint should be dismissed.

**8.  All of Plaintiff's Tort Claims against St. Louis County are Barred by Sovereign Immunity.**

15

Plaintiff's Amended Complaint alleges several causes of action arising out of tort liability, including false imprisonment, negligent hiring and/or supervision, abuse of process, and assault.  (Doc. 20, Counts IV, VI, VII, and VIII).  To the extent these counts state claims at all, the claims are barred by the doctrine of sovereign immunity.

The doctrine of sovereign immunity generally creates immunity for government entities from tort liability.  RSMo. § 537.600.  "[P]ublic entities enjoy sovereign immunity … unless immunity is waived, abrogated, or modified by statute."  *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. E.D. 2009).  There are four statutory exceptions to the sovereign immunity presumption: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment, RSMo. § 537.600.1(1); (2) where the injury is caused by the dangerous condition of government property, RSMo. § 537.600.1(2); (3) where the injury is caused by the government performing a proprietary function as opposed to a governmental function,[6] *State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital*, 843 S.W.2d 353, 358 (Mo. banc 1993); and (4) to the extent the government has procured insurance,[7] RSMo. § 537.610.

On the face of Plaintiff's Amended Complaint, there are no allegations that Plaintiff's injuries resulted from (1) the use of a motor vehicle or (2) a dangerous condition of County property.  Moreover, police operations are a government, not a proprietary function, which does not waive sovereign immunity, and Plaintiff has not pled any facts for this Court to conclude

---

[6] "Generally, an act of a [government] performed for the common good of all is classified as a governmental function," while "[a]n act of a [government] performed for the special benefit or profit of the [government] … is classified as a proprietary function.  *Parish v. Novus Equities Co.*, 231 236, 242 (Mo. App. E.D. 2007).

[7] "[W]hen a public entity purchases liability insurance for tort claims, sovereign immunity is waived **to the extent and for the specific purposes** of the insurance purchased."  *Fantasma v. Kansas City, Mo, Bd. of Police Comm'rs*, 913 S.W.2d 388, 391 (Mo. App. W.D. 1996) (emphasis added).

otherwise.  Finally, Plaintiff has not pled any facts to allege the existence of any insurance policy causing sovereign immunity waiver and no such policy exists.  Ultimately, Plaintiff's Amended Complaint fails to allege facts that, if proven at trial, would waive sovereign immunity.

To the extent the Court finds Counts IV, VI, VII, and VIII allege recognized causes of action against Defendant St. Louis County, those actions are all barred by the doctrine of sovereign immunity.  As such, Defendant St. Louis County should be dismissed from Counts I, IV, VI, VII, and VIII of the Amended Complaint.

## 9.  Claims Asserted Against County Officers are Barred by Official Immunity

Under Missouri law, official immunity protects public officials, including police officers, from civil liability for injuries arising out of discretionary acts or omissions performed in the course of their official duties.  *Hawkins v. Holloway,* 316 F.3d 777, 788 (8th Cir. 2003).  Law-enforcement officers are entitled to qualified immunity unless "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation."  *Walton v. Dawson*, 752 F.3d 1109, 1116 (8th Cir. 2014).  "Official immunity is designed to protect officers who, despite imperfect information and limited resources, must exercise discretion in performance of their duties."  *Conway v. St. Louis County*, 254 S.W.3d 159, 164 (Mo. App. E.D. 2008).  Official immunity allows public employees to make judgments without concerns for personal liability.  *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. banc 2008).  Courts construe the term "discretionary" broadly and allow public officials tremendous leeway in performance of their duties.[8]  *See, generally, Sherrill v. Wilson*, 653 S.W.2d 661, 665 (Mo. 1983).

---

[8] Although official immunity does not shield public officials from liability for torts committed when acting in a ministerial capacity, *Davis v. Lambert-St. Louis Intern. Airport*, 193 S.W.3d 760 (Mo. banc 2006), "courts

Even when a duty is mandated by law, if that mandate does not set forth prescribed rules or means to accomplish the duty, a public employee's actions are discretionary rather than ministerial, and the public employee is entitled to official immunity.  *S & W Cabinets, Inc. v. Consolidated School Dist. No. 6 of Jefferson County*, 901 S.W.2d 266, 269 (Mo. App. E.D. 1995). Deciding upon a course of action among options requires reason and judgment; such a decision is a discretionary function entitled to official immunity.  *See Deuser v. King*, 24 S.W.3d 251, 254 (Mo. App. E.D. 2000).

In this case, Defendants Koester, Brock, Eberwein, Gailis, Humphrey, Robertson, Dees, Emge, and Romo are County police officers.  The allegations in Plaintiff's Amended Complaint relate to discretionary acts performed by police officers, such as investigations, responding to calls for service, and responding to mental health crises.  (Doc. 20, *passim.*).  Because Plaintiff's Amended Complaint describes discretionary acts, Defendants Brock, Dees, Eberwein, Emge, Gailis, Humphrey, Koester, Robertson, and Romo are entitled to official immunity.   Therefore, all of Plaintiff's claims brought against Defendants Koester, Brock, Eberwein, Gailis, Humphrey, Robertson, Dees, Emge, and Romo should be dismissed.

**10. Claims Asserted Against County Officers are Barred by the Public Duty Doctrine**

Defendants Koester, Brock, Eberwein, Gailis, Humphrey, Robertson, Dees, Emge, and Romo are also immune from liability pursuant to the public duty doctrine.

Under the public duty doctrine, public employees are not liable in tort for injuries or damages that result from their breach of a duty owed to the general public (as opposed to a specific ministerial duty owed to the individual plaintiff).   *Sherrill*, 653 S.W.2d at 65; *Southers*, 263

---

should not construe the term 'discretionary' too narrowly."  *Sherrill v. Wilson*, 653 S.W.2d 661, 665 (Mo. 1983).

S.W.3d at 612.  Officers are entitled to immunity even if their affirmative acts in the course of their job cause damage to an individual or a group of individuals.  *GWT-PAT, Inc. v. Mehlville Fire Protection District*, 801 S.W.3d 798 (Mo. App. E.D. 1991).

Missouri courts have "consistently held that public officers are not liable for injuries or damages sustained by particular individuals resulting from breach by the officers of a duty owed to the general public."  *Berger v. City of University City*, 676 S.W.2d 39, 41 (Mo. App. E.D. 1984).  The courts recognize that the public duty doctrine protects public employees from liability even when mistakes are made.  *Id.*  In *Berger*, the Court of appeals analyzed whether city and fire personnel owed a duty to property owners and a lessee when they were called to a fire at a particular location.  Although the personnel were responding to a specific call regarding a specific fire, their job duties remained the same and remained owed to the general public, not the specific individuals personally affected by the specific fire.  *Id.* at 41-42.  Applying this analysis, the Court held that that public duty doctrine shielded government personnel from liability.   *Id.*

Like in *Berger*, here, Plaintiff alleges that government personnel are carrying out a variety of functions typical of police officers, such as investigating crimes, (Doc. 20, *passim.*), and responding to threats of suicide, (Doc. 20, ¶¶ 86-88, 118-20 and *passim.*).  Much like firefighters, the duties of police officers are to the general public, not the specific individuals who may be victims of a crime or the subject of a mental health crisis.  Like the firefighters in *Berger*, the officers named as defendants in the case at bar are government employees carrying out duties owed to the public and, as such, are immune from liability under the public duty doctrine.

Defendants Koester, Brock, Eberwein, Gailis, Humphrey, Robertson, Dees, Emge, and Romo are immune from liability pursuant to the public duty doctrine.   Therefore, all claims brought against these Defendants should be dismissed.

**11. The St. Louis County Police Department Lacks the Capacity to be Sued**

Departments of local government are not suable entities.  The incapacity of non-legislatively created entities to be sued has been consistently upheld in Missouri courts and federal courts applying Missouri law.  *See, e.g., Franklin v. Board of Police Com'rs*, 2015 WL 4131486 (E.D. Mo. July 8, 2015); *Jordan v. Kansas City*, 929 S.W.2d 822 (Mo. App. W.D. 1996); *White v. Camden County Sheriff Dep't*, 106 S.W.3d 626 (Mo. App. S.D. 2003); *State ex rel Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979).

The Federal District Court for the Eastern District of Missouri has taken the same approach to political subdivisions.  In *State of Mo. ex rel. Gore v. Wochner*, the District Court analyzed whether departments of the City of St. Louis had the capacity to be sued.  475 F.Supp. 274 (E.D. Mo. 1979).  Noting that "[t]he Department … is an integral part of the City of St. Louis government, and is merely the administrative arm whereby employment functions are performed," the District Court held that "[t]he Department … lacks a legal identity apart from that of the City of St. Louis, and as such is not a suable entity." *Id* at 280.

Notably, this principle has been applied directly to St. Louis County.  *Franklin v. Board of Police Com'rs*, 2015 WL 4131486 (E.D. Mo. July 8, 2015).   In *Franklin*, a lawsuit brought against an arm of County government was dismissed because in the absence of a statutory authorization (or some other authority that the entity was legislatively created as a distinct legal entity), a subdivision (i.e., a board or department) of a city or county is not a separate legal entity and cannot be sued.  *Id.* at *2.

The St. Louis County Charter identifies "St. Louis County, Missouri" as a body corporate and politic and gives St. Louis County, Missouri the capacity to sue or be sued.  (St. Louis County Charter, Article I, § 1.010).   No separate authorization exists for the County's various

20

departments.  Because a subdivision of County government cannot be sued, the Court should dismiss the St. Louis County Police Department from the case at bar.

<u>**CONCLUSION**</u>

In the case at bar, Plaintiff brings suit against St. Louis County, its employees, and others over allegations related to the County's responses to emergency calls for service to Plaintiff's residence.  (Doc. 20).  The actions of the County Defendants in this case were authorized under Missouri law, were objectively reasonable, and did not involve the use of excessive force.  While Counts I, IV, VI, VII, and VIII attempt to assert claims against St. Louis County and its employees, all counts fail to state claims upon which relief can be granted under any applicable state or federal laws.  Not only does the complaint fail to allege facts sufficient to establish the torts asserted, the tort claims brought against St. Louis County and its employees are barred by the doctrine of sovereign immunity, the doctrine of official immunity, and/or the public duty doctrine.  Furthermore, the actions of the County Defendants in this case regarding the investigations and detentions of Plaintiff, especially regarding the allegations contained in Count I alleging Fourth Amendment constitutional violations, were authorized under Missouri law, were objectively reasonable, and did not involve the use of excessive force.  Furthermore, County Defendants are immune from civil liability under multiple theories, including § 632.440 RSMo and the doctrines of sovereign immunity, official immunity, and the public duty doctrine. Finally, because the St. Louis County Police Department lacks the capacity to be sued, claims brought against the St. Louis County Police Department should be dismissed.

Thus, each of the Plaintiff's allegations in this case fail to state a claim upon which relief be granted and therefore must be dismissed according to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendants pray this Court dismiss this cause of action in its entirety,

assess costs against the Plaintiff, and for all other relief this Court deems just and proper.

<div style="margin-left:auto; width:60%">

Respectfully Submitted,

BETH ORWICK
COUNTY COUNSELOR

/s/ *Andi Alper*

Andi S. Alper, MBE #69936
Assistant County Counselor
St. Louis County Counselor's Office
St. Louis County Government Building
41 S. Central, Ninth Floor
Clayton, MO 63105
(314) 615-7042; (314) 615-3732 (fax)
aalper@stlouiscountymo.gov
*Attorney for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, May 23, 2022, a copy of the foregoing was filed with the Court's Electronic Filing System which sent notice to all counsel of record.

S/ *Andi Alper*
Andi S. Alper, MBE #69936
Assistant County Counselor